Pedro E. Martinez v. Commissioner and Gene Quara v. Commissioner.
Martinez v. Commissioner
Docket Nos. 1852-63, 4546-63.
United States Tax Court
T.C. Memo 1964-209; 1964 Tax Ct. Memo LEXIS 130; 23 T.C.M. (CCH) 1263; T.C.M. (RIA) 64209; August 5, 1964
*130 Pedro Martinez, pro se, 671 Westchester Ave., Bronx, N. Y. Gene Quara, pro se, 66th Ave., Forest Hills, N. Y. Michael Weinberg and Frederic Kramer, for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner made determinations as follows: Pedro
Gene
Martinez
Quara
1959 Deficiency
$507.92
$168.00
Sec. 6653(a) addition
25.40
8.40
Sec. 6651(a) addition
42.52
1960 Deficiency
547.92
289.39
Sec. 6653(a) addition
27.40
14.47 The two cases were consolidated for trial. The issue is whether the Commissioner erred in adding additional "tip income" to the income reported. Findings of Fact Martinez filed a joint income tax return for each year with the district director of internal revenue in Manhattan, New York. Quara filed an unsigned individual return for 1959 and a joint return for 1960 with the director for the Manhattan district. Martinez is a waiter. He reported wages for 1959 of $3,317.74 consisting of $2,280.99 from the Savoy-Hilton Hotel, $1,034.00 from Mother Cabrini Hospital of New York and $36.75 from "Z. ANY-N.Y.C." He also reported "TIPS AS WAITER - $1400." Martinez reported for 1960 *131 wages of $1,976.34 from the Savoy-Hilton Hotel and $2,089.00 from Columbus Hospital, both of New York, New York. He also reported $1,500 as "TIPS AS WAITER." The record does not contain any evidence to show what adjustments the Commissioner made in determining the deficiencies against Martinez and the pleadings in his case do not contain any assignments of error or other statements to show what adjustments made by the Commissioner are contested. Quara is a waiter. The Quara return for 1959 reported wages of $1,664.75 from Hotel Savoy-Hilton and $269.20 from Hotel Roger-Smith. It also reported "Tips from both hotels - $1250." The Commissioner, in determining the deficiency for that year, added $986.93 and explained that tip income had been understated by that amount. The Quara return for 1960 reported wages of $262.50 from Jerome Weinstein of New York, $6.00 from Leighton's Woodlands, Ardsley, New York and $1,899.86 from "Hilton Hotels Corp. New York, N. Y." It also reported $1,400 as "Tips - Hotel & Restaurant." The Commissioner, in determining the deficiency for that year, added $1,586.58 to income and explained that tip income had been understated by that amount. Both Martinez *132 and Quara worked during 1959 and 1960 for periods not disclosed by the record in the Columns Room of the Hotel Savoy-Hilton at 5th Avenue and 58th Street, New York, N. Y. Each petitioner worked there with other waiters as a team of two. The teams rotate on the stations. Neither petitioner kept any record of any kind of the tips he received during 1959 or 1960. The record does not show how either petitioner determined the amount he reported as tips in either 1959 or 1960. Neither one knew the total amount charged by their employers to diners whom they had served during either 1959 or 1960. Neither one knew any total amount of charges against which to apply a percentage in order to estimate the amount of their tips. Neither one knows how much he received as tips in either year. Hotel Savoy-Hilton did not maintain records from which the total sales attributable to an individual Columns Room waiter for 1959 or 1960 could be determined. Its records of sales by waiters are not long retained by the hotel and had been discarded prior to the trial of this case. The present record does not show whether or not they existed at the time the Internal Revenue Service conducted its audit with *133 respect to these petitioners. There is no evidence that either petitioner received wages from Hotel Savoy-Hilton during 1959 or 1960 for time when they were not at work there. The record contains no evidence of why Quara failed to sign the individual return he filed for 1959. Opinion MURDOCK, Judge: These are "pro se" cases and they again demonstrate how unsatisfactory it usually is for a non-lawyer to try his own case. Martinez testified but made no other attempt to advance his case. His pleadings are next to nothing. The pleadings and the evidence, so far as he is concerned, do not show how the Commissioner determined the deficiency or what particular action of his is challenged. Quara attempted to present his case but he preferred to argue rather than introduce evidence and he had little success in either field. His brief shows that he does not understand that the Court must rely only upon facts established by the record. The petitioners have not shown or even attempted to show what tips they actually received in either year. Neither have they shown how they arrived at the amounts of tips reported. Martinez did not refer to these subjects. Quara said he relied upon amounts *134 reported by Hotel Savoy-Hilton to the State of New York, apparently, under the New York State Unemployment Insurance Law. However, it does not appear that he knew any figures reported as relating to him and his vague statement of method leaves the Court in the dark as to how he actually chose the figures which he reported. He kept no records of his tips. The proportion of tips to sales which he mentions in connection with the New York law is entitled to no weight in this case. The following is from the petitioners' brief: Obviously only two parties know the actual unrecorded tip amount - the customer who leaves the tip and the waiter who receives it. In recognition of the many hypothetical intangibles, therefore, unrecorded tips must of necessity remain an unknown quantity to the Commissioner, whereby it becomes mathematically impossible for him to base a definite or known tax rate upon an indefinite or unknown tip income and come up with a specific figure as he has done. This statement was intended to support the petitioners' argument that the determination of the Commissioner was arbitrary and unreasonable. It is a recognition of the necessity for the Commissioner to resort *135 to some reasonable, though perhaps imperfect, method to check on tips reported on estimate alone, where no records were kept for a very large portion of taxable income. He must "come up with a specific figure" even though it cannot be proved to be the actual amount received. Any inexactitude must be charged to the petitioners' failure to keep records. . The action which the Commissioner took here appears to be reasonable under the circumstances of this case. Quara, in effect, admitted as much on the stand. The method with respect to the Columns Room tips was as follows: He took from the hotel books the total tip-producing table sales of the Columns Room for the year, took 12 3/4 percent of that total to represent the total net tips (after allowance for bus boys) to be divided among all waiters who worked in that room during that year. He concluded that a reasonable way to allocate this total among all such waiters would be in proportion to the total time that each worked and that could be shown by the wages each received, since all were concededly paid on the basis of $38.15 per 5 day week. He therefore divided his total waiter *136 net tip amount by total waiter wages and then multiplied the result by the wages of each petitioner for that year. That this method was used to determine a part of the petitioners' tips is no reason to conclude that the Commissioner was arbitrary or unreasonable and, for that reason, to reject his determination. There is no showing and the Court may not assume that the 12 3/4 percent was an unreasonable figure to represent the average net percentage of sales received by waiters in the Columns Room. It does not appear that the Commissioner had any better way than the method he used to relate total sales and tips to individual waiters. There is no evidence relating to tips from other sources. The petitioners concede that they kept no records of their tips and it is clear that Quara did not sign his return. Thus no bases for eliminating the additions to tax have been proven. Decisions will be entered for the respondent.